# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| WENDY D. YOHN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:19-cv-00404-DGK |
| | ) |
| JACKSON COUNTY, MISSOURI, | ) |
| 16th CIRCUIT COURT, and | ) |
| TURNKEY PROPERTIES, | ) |
| | ) |
|     Defendants. | ) |

## ORDER DENYING APPLICATION FOR LEAVE TO FILE ACTION WITHOUT PAYMENT OF FEES, COSTS, OR SECURITY, AND DISMISSING ACTION

Pending before the Court is *pro se* Plaintiff Wendy Yohn's Application for Leave to File Action Without Payment of Fees, Costs, or Security With Affidavit of Financial Status in Support (Docs. 1-2). Because the Court lacks jurisdiction to hear the case, the application is DENIED and this case is DISMISSED WITHOUT PREJUDICE.

The process for determining whether a plaintiff should be granted leave to proceed without payment of fees, costs, or security, consists of two steps. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a)(1). *Id*. If the plaintiff qualifies by economic status, then the court must decide whether the action should nonetheless be dismissed because it lacks a basis in law or fact, or it seeks monetary relief against a party immune from such damages. 28 U.S.C.A. § 1915(e)(2)(B); *Martin-Trigona v. Stewart*, 691 F.2d at 857.

## Discussion

Assuming for the sake of argument that Ms. Yohn qualifies by economic status, the Court must determine whether this action should be dismissed because it is legally frivolous, malicious,

or demands money damages of an immune defendant. *Cf. Martin-Trigona*, 691 F.2d at 857. A complaint is frivolous under § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a *pro se* complaint at this stage, the Court gives the complaint the benefit of every doubt, no matter how unlikely. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Ms. Yohn's Complaint (Doc. 1-1) alleges that the Jackson County Circuit Court erred by refusing to hear certain testimony during her eviction proceeding which led to her being homeless. Because this lawsuit is an attempt to appeal an adverse state court decision to federal court, the Court lacks jurisdiction to hear this case. Federal courts are courts of limited jurisdiction and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a federal court lacks subject matter jurisdiction over a lawsuit, it must dismiss the lawsuit. Fed. R. Civ. P. 12(h)(3). Federal jurisdiction to review state court judgments is vested exclusively in the United States Supreme Court. *Lemonds v. St. Louis Cnty*, 222 F.3d 488, 492 (8th Cir. 2000). The Rooker-Feldman doctrine provides that federal district courts, such as this one, may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (holding the Rooker-Feldman doctrine prohibits a lawsuit brought in federal district court alleging a state court wrongly decided custody issues and unconstitutionally infringed on the plaintiff's parental rights). This doctrine forecloses both straightforward appeals from state court decisions and "also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). It also prohibits lower federal courts from exercising jurisdiction over all "general constitutional claims that are inextricably intertwined with claims already adjudicated in state court." *Id.* at 492-93. A

general federal claim is inextricably intertwined with a state judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). That is, the doctrine bars claims where the requested federal relief would void the state court's judgment or essentially reverse the state court's holding. *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001).

Ms. Yohn alleges that the Jackson County Circuit Court erred during her eviction proceeding. Because her lawsuit can only succeed if the Jackson County Circuit Court wrongly decided these issues, the Rooker-Feldman doctrine bars this Court from considering her claims. Since the Court lacks jurisdiction to hear her claims, it cannot grant her application to proceed *in forma pauperis*. It must also dismiss her case.

Accordingly, the application to proceed without payment of fees, costs, or security is DENIED. This case is also DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date:  June 12, 2019                     /s/ Greg Kays
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT